USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/12/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lopez Montes, et al.,

                                 Plaintiffs,

-against-

11 Hanover Group LLC, et al.,

                                 Defendants.

1:17-cv-09376 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

This case contains claims under the Fair Labor Standards Act ("FLSA"). In or about early April 2019, this case was settled in a court-ordered mediation. (*See* Final Report of Mediator, ECF No. 55.) On April 9, 2019, District Judge Torres entered an Order requiring the parties to either "file a joint letter requesting that the Court approve the settlement agreement or alternatively provide documentation that the settlement had been approved by the [Department of Labor]." (4/9/19 Order, ECF No. 56.) On May 8, 2019, Judge Torres granted the parties' request for an extension of the time to file the settlement agreement until June 10, 2019. (5/8/19 Order, ECF No. 60.)

On May 9, 2019, an Order was issued on the parties' consent referring disposition of this matter to the undersigned. (Consent, ECF No. 62.) On September 9, 2019, after additional requests for extensions of time were requested and granted, the parties submitted their proposed settlement agreement. (Settlement Agreement, ECF No. 75-1.)

**LEGAL STANDARD**

In order to serve FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor. *Cheeks v.*

*Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). Therefore, a plaintiff's FLSA claims cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-07002 (KMW) (JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotation marks omitted).

## DISCUSSION

### I.    Settlement Amount

The Court finds that the total settlement payment amount of $100,000.00 is reasonable. According to Plaintiffs, their "best scenario calculation" was that they were owed about $224,000.00. (Pls.' 9/9/19 Ltr., ECF No. 75, at 6.) Net of the attorneys' fees and costs awarded below (*see infra*), Plaintiffs will recover about $85,000.00, which is 38% of their best-case scenario. Plaintiffs stated that there were "sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims," and that if the Court were to accept Defendants' positions, Plaintiff's damages "would have been reduced significantly." (*Id*. at 5.) Plaintiffs also stated that Defendants "had limited ability to pay a settlement, and it would have been difficult to enforce a large judgment against Defendants and collect it in full." (*Id*.) In the circumstances, the Court approves the settlement amount. *See Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) ("Given that plaintiffs face substantial barriers to collecting any judgment and

that the proposed settlement is the result of arm's length bargaining between counsel during contested litigation, the Court finds it to be fair and reasonable.").

**II.** **Attorneys' Fees**

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Wolinsky*, 900 F. Supp. 2d at 336 (citations omitted). In the present case, Plaintiffs' law firm, Michael Faillace & Associates, P.C. (the "Faillace Firm") seeks approval of $33,772.84 in fees and costs.[1] (Pls.' 9/9/19 Ltr. at 5.) This amount must be reduced.

The Court finds that the hourly rates sought for three of the attorneys at the Faillace Firm (Michael Faillace, $450.00; Joshua Androphy, $400.00; and Haleigh Amant, $250.00)[2] are unreasonable. Instead, following other district courts in this Circuit, the Court will use the following reasonable hourly rates for these attorneys: $400.00 for Faillace; $350.00 for Androphy; and $175.00 for Amant. *See Sanchez v. DPC New York Inc.*, 381 F. Supp. 3d 245, 251-52 (S.D.N.Y. 2019) (reducing Faillace's hourly rate to $400); *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-CV-09632 (AJN), 2019 WL 330631, at *2 (S.D.N.Y. Jan. 25, 2019) ("The Court . . . reduces the hourly rate for Mr. Faillace to $400 and the hourly rate for Ms. Amant to $175."); *Sanchez Gallego v. Adyar Ananda Bhavean Corp.*, 16-CV-04631 (AJN), 2019 WL 131957, at *5 (S.D.N.Y. Jan. 8, 2019) ("In accordance with the rates generally approved of by other district courts in this

---

[1] The costs incurred consist of the filing fee and process server expenses for a total of $660.00. (Attorney Billing Records, ECF No. 75-2, at 3.) Thus, the attorneys' fees sought amount to $33,112.84 (*i.e.*, $33,772.84 less $660.00).

[2] The hourly rates sought for the Faillace Firm attorneys are set forth in Plaintiff's September 9 letter. (*See* Pls.' 9/9/19 Ltr. at 10-11.)

Circuit, the Court reduces Mr. Faillace's rate to $400 per hour and Mr. Androphy's rate to $350 per hour.").

Applying the reduced hourly rates for the hours billed by Faillace, Androphy and Amant, as well as the $200.00 hourly rate sought to the hours billed by Marisol Santos (which rate the Court finds to be reasonable[3]), results in a lodestar amount[4] of roughly $6,950.00. If the Faillace Firm were awarded the $33,112.84 in fees sought in their entirety, it would be receiving a multiplier of 4.76 over the lodestar amount (*i.e.*, $33,112.84 divided by $6,950.00). The Court carefully has reviewed the time records submitted by the Faillace Firm considering relevant case-specific variables.[5] Under the circumstances of this case, the Court finds a 4.76 multiplier to be excessive. Thus, the Court reduces Plaintiffs' attorney fee award to $14,362.84, which represents a multiplier of 2.07 over the lodestar amount (*i.e.*, $14,362.84 divided by $6,950.00). *See Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-CV-3302 (AJN), 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this District have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.") (citations and internal quotation marks omitted).

In order to effectuate the fee reduction, for each of the 25 installments set forth in the Settlement Agreement, the Faillace Firm shall receive $750.00 less, Lopez Montes shall receive

---

[3] *See Portillo v. New Ko-Sushi Japanese Rest., Inc.*, No. 16-CV-02429 (JMF), 2017 WL 3995602, at *1 (S.D.N.Y. Sept. 8, 2017) (approving $200 hourly rate for Santos).

[4] The "lodestar" is "the number of hours the attorneys and their employees worked multiplied by the hourly rates prevailing in the community." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 542 (2010).

[5] For example, this case did not involve novel or difficult questions and was not an "undesirable" case. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 187-88 & n.3 (2d Cir. 2008).

$225.00 more, Gerardo Carretero shall receive $352.50 more, and Vivar Cruz shall receive $172.50 more.[6] (*See* Settlement Agreement at 2-15.)

## CONCLUSION

For the foregoing reasons, the settlement is approved, except as to the amount of attorneys' fees. The Faillace Firm shall receive as part of the settlement a total of $14,362.84 in attorneys' fees plus $660.00 in costs. Plaintiffs' counsel, Mr. Androphy, shall file with the Court within seven (7) days of the date of this Order a revised schedule of the amounts to be paid to each of the Plaintiffs in each of the 25 installments, as set forth above. This action is dismissed with prejudice and without costs except as may be stated in the Settlement Agreement.

The Clerk of Court is requested to close this case.

**SO ORDERED.**

DATED:   New York, New York
         September 12, 2019

_____
STEWART D. AARON
United States Magistrate Judge

---

[6] The amounts to be received per Plaintiff are based upon the same ratios among Plaintiffs as are set forth in the Settlement Agreement.